The opinion of the Court was delivered by
Gibson, J.
By the English common law, the time when
this single bill became due, would certainly be computed by lunar instead of calendar months, which are recognised only by the ecclesiastical Courts. In the Courts of common law, the rule is different; because, as it is said in Barksdale v. Morgan, 4 Mod. 185, the month was, in common parlance, formerly understood to mean twenty-eight days, except in the single instance of quare impedit. This tendency of the common law to adapt itself to the feelings and habits of men, as they actually exist in society, instead of moulding their transactions into forced and artificial forms by inflexible rules, is one of its most estimable qualities, and one which, alone. *541 gives it, as a practical system, pre-eminence over every other that has prevailed. But however wise this particular rule may have been in its origin, the reason of it has long ceased ; at least in'this country, where the popular understanding on the subject is so entirely changed, that in all the transactions and business of life, the month is universally estimated by the calendar. The lunar month never enters into the contemplation of any one. Even in England a gradual departure from the ancient notions on the subject, has forced on the Courts, a correspondent departure from the old rule of computation as respects bills and notes, which so fully enter into the current transactions of every commercial people, that, to interpret them by rules that have no relation to the sense in which language is understood by the world, would be attended with insufferable injustice. In that country, as • well as in this, I have not the least doubt' that the intention of the parties will, in a few years, so far .prevail as to change the common law computation of a month, wherever the word is found, in any contract, whether commercial or not ; particularly as we find some of their Judges in latter times, regretting that its meaning had not, from the first, been settled differently. But we have already taken a step in advance of the English Courts, by deciding that where the word is used in the acts of the Legislature without saying more, a calendar month, shall be intended to have been meant. Then why stop there, when the reasons for that decision are equally applicable to the every day transactions of life, and when it is to be supposed that the persons entrusted with the lawmaking power, are better acquainted with legal distinctions, and therefore more likely to use words in their legal sense, than the mass of their fellow citizens. To arrive, therefore, at the true meaning of the parties, in all contracts or trans- ' actions between man and man, we will hold that the term of a month is to be computed by the calendar ; but this is not to affect judicial proceedings, with respect to which we at present decide nothing. There may be a substantial difference between the common transactions of mankind, and the deliberate acts of those to whom the administration of the laws is committed, particularly in penal cases, where the construction is generally to be in favour of mercy. We are, therefore, of opinion that the judgment be affirmed.
Judgment affirmed»